UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ELIQUIS (APIXABAN) PRODUCTS
LIABILITY LITIGATION                            MDL No. 2754

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in the 12 actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders conditionally transferring their actions to MDL No. 2754.[1] Defendants Bristol-Myers Squibb Company (BMS) and Pfizer Inc. (Pfizer) oppose the motions to vacate and support transfer. Defendant McKesson Corporation did not file a response.

After considering the argument of counsel, we find that these actions involve common questions of fact with the actions transferred to MDL No. 2754 and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Like many of the actions in the MDL, these actions involve factual questions arising from allegations that Eliquis (apixaban) caused plaintiffs to suffer severe bleeding and related injuries, that defendants failed to conduct sufficient testing of the drug, and that defendants' warnings and instructions as to the alleged risks were inadequate. *See In re: Eliquis (Apixaban) Prods. Liab. Litig.*, — F. Supp. 3d —, 2017 WL 490702 (J.P.M.L. Feb. 7, 2017).

In support of their motions to vacate, plaintiffs principally argue that the actions were improperly removed, and motions for remand to state court are pending. They also contend that remand is a near certainty, asserting that judges in the Northern District of California have ordered remand of similar Eliquis cases on the same theory invoked by defendants here. Jurisdictional issues do not present an impediment to transfer, as plaintiffs can present these arguments to the transferee judge.[2] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Additionally, the Panel does not have the authority to determine the

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] Plaintiffs in five other actions also filed motions to vacate orders conditionally transferring their actions (*Jackson, Garcia, Stark, Fonger,* and *Stetler*). They since voluntarily dismissed their actions, and the Panel Clerk thus issued orders vacating the conditional transfer orders as to those actions on May 24 and May 25, 2017.

[2] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK

BY _____
Deputy Clerk

applicability of a judge's remand ruling in one case to other arguably similar cases, and thus we regularly order transfer of actions over the objection that remand is required under applicable precedent.³ Transfer in these circumstances comports with the well-established principle that "Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand." *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990).

Plaintiffs further contend that their actions are factually distinct from the centralized actions because, in addition to common defendants BMS and Pfizer, they have sued McKesson. But transfer does not require a complete identity of parties or factual issues when, as here, the actions arise from a common factual core.⁴

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Denise L. Cote for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Sarah S. Vance
Chair

Marjorie O. Rendell     Charles R. Breyer
Ellen Segal Huvelle     R. David Proctor
Catherine D. Perry

---

³ *See, e.g., In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL No. 2592, Transfer Order, Doc. No. 1040, at 1 (J.P.M.L. Dec. 7, 2016) (transferring two actions over plaintiffs' objection that judges in the transferor district had "ordered remand of similar cases removed to that district"); *In re: Avandia Mktg., Sales Practices and Prods. Liab. Litig.*, MDL No. 1871, Transfer Order, Doc. No. 1159, at 1 (J.P.M.L. Oct. 2, 2013) (rejecting plaintiffs' argument that "remand of their actions is a foregone conclusion" under the transferee court's remand rulings, noting "we do not have the authority to determine the applicability of a . . . judge's ruling in one case to other arguably similar cases.").

⁴ *See, e.g., In re: New England Compounding Pharmacy, Inc., Prods. Liab. Litig.*, MDL No. 2419, Doc. No. 382, Transfer Order at 1 (J.P.M.L. Feb. 18, 2014).

**IN RE: ELIQUIS (APIXABAN) PRODUCTS
LIABILITY LITIGATION**                                           MDL No. 2754

## SCHEDULE A

Central District of California

LEBASTCHI v. MCKESSON CORPORATION, ET AL., C.A. No. 2:16-08115
DELLUTRI v. MCKESSON CORPORATION, ET AL., C.A. No. 2:16-08124
WILLIAMS v. MCKESSON CORPORATION, ET AL., C.A. No. 2:16-08133
AGUIRRE, ET AL. v. MCKESSON CORPORATION, ET AL., C.A. No. 2:16-08137
BARSKY, ET AL. v. MCKESSON CORPORATION, ET AL., C.A. No. 2:16-09516
HAYES v. MCKESSON CORPORATION, ET AL., C.A. No. 5:16-02280
ALTARE, ET AL. v. MCKESSON CORPORATION, ET AL., C.A. No. 5:16-02621
STUART v. MCKESSON CORPORATION, ET AL., C.A. No. 8:16-01988

Northern District of California

SCHNEIDER v. MCKESSON CORPORATION, ET AL., C.A. No. 3:17-00876
HERNANDEZ v. MCKESSON CORPORATION, ET AL., C.A. No. 3:17-00891
LAUACHUS, ET AL. v. MCKESSON CORPORATION, ET AL., C.A. No. 4:17-01286

Southern District of California

QUARG v. MCKESSON CORPORATION, ET AL., C.A. No. 3:16-02711